IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OZELLA WADLEY and JOSEPH WADLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 04-1276-T/An |
| GRANGE MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

ORDER SETTING ASIDE DISMISSAL

On April 22, 2005, the Court ordered defendant to file, within eleven days, an itemization of costs incurred due to plaintiffs' voluntary dismissal of a previous action. Plaintiffs were directed to file, within eleven days after filing of the itemization, either an objection or proof of payment. The Court stated that plaintiffs' failure to comply would result in immediate dismissal of this action without further notice. The order was entered on the docket on April 25, 2005.

On June 6, 2005, the Court entered an order dismissing the action, as the official docket did not show that plaintiffs had complied with the April 25th order. However, on June 7, 2005, the Court was notified, informally, by plaintiffs' counsel that proof of payment had been submitted on May 16, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  6/8/05



Upon investigation, the Court has determined that counsel did submit timely proof of payment. However, counsel did not send a notice of compliance, with proof of payment attached, to the Clerk of Court for filing. Instead, on May 13th counsel merely faxed to the Clerk's office a copy of a letter sent to Russell E. Reviere, counsel for defendant, along with a photocopy of the accompanying check. Additional copies of both the letter and check were later sent to the Clerk via overnight mail, and were received on May 16th.

Unless directed to do so by the Court, the Clerk's office generally does not file letters, especially copies of letters not specifically addressed either to the Clerk or to the Court. Letters are stamped "RECEIVED" only and are not considered part of the official case record; therefore, no entry showing receipt of the letter submitted by counsel was made on the official docket

The Clerk is directed to file the documents received on May 16, 2005 as proof of compliance with the order of April 22, 2005.[1] The order of dismissal is hereby SET ASIDE. IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

7 June 2005
DATE

---

[1] In the future, counsel should remember that information intended to be made part of the official record should be submitted in the form of an actual court document, not merely a letter.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 1:04-CV-01276 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

Carthel L. Smith
LAW OFFICES OF CARTHEL SMITH, JR.
85 E. Church Street
Lexington, TN 38351

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Stephen M. Milam
LAW OFFICE OF STEPHEN M. MILAM
113 S. Main St.
Lexington, TN 38351

Honorable James Todd
US DISTRICT COURT